UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DEISSON OSMANDY VICENTE
GALVEZ,

                                  Petitioner,

v.

CHRISTOPHER LAROSE, in his official
capacity as Warden of Otay Mesa
Detention Center; GREGORY J.
ARCHAMBEAULT, in his official
capacity as San Diego Field Office
Director, ICE Enforcement Removal
Operations; TODD LYONS, in his official
capacity as Acting Director of
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official
capacity as Secretary of Homeland
Security; TODD BLANCHE, in his
official capacity as Attorney General of
the United States,

                                  Respondents.

Case No.:  3:26-cv-03072-LEK-SBC

**AMENDED ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Deisson Osmandy Vicente Galvez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on May 16, 2026. [Dkt. no. 1.] Respondents Christopher LaRose, in his official capacity as Warden of Otay Mesa Detention Center; Gregory J. Archambeault, in his official capacity as San Diego Field Office Director, ICE Enforcement Removal Operations; Todd Lyons, in his official capacity as Acting Director of Immigration and Customs Enforcement; Markwayne

Mullin, in his official capacity as Secretary of Homeland Security; and Todd Blanche, in his official capacity as Attorney General of the United States ("Respondents"), filed a return to the Petition ("Return") on May 22, 2026. [Dkt. no. 5.] While this Court acknowledges that the time to file a traverse has not yet passed, upon review of the Petition and the Return, this Court finds that additional argument is not necessary.

Petitioner, a native and citizen of Guatemala, [Petition at ¶ 19,] entered the United States without inspection in 2002, [id. at ¶ 25]. Petitioner is currently being detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center. [Id. at ¶ 3.]

Petitioner had a bond hearing before an immigration judge on May 11, 2026. [Id. at ¶ 6.] Relying on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), the immigration judge concluded that Petitioner was subject to mandatory detention under Title 8 United States Code Section 1225(b)(2) and denied Petitioner's request for a bond. In so ruling, the immigration judge rejected Petitioner's argument based on the nationwide injunction and class certification in Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025). See Petition at ¶¶ 7-8; id., Exh. B (Order of the Immigration Judge, dated 5/11/26).

Count I of the Petition argues that Petitioner's detention violates his Fifth Amendment due process rights because his detention is governed by Title 8 United States Code Section 1226(a), and therefore he is not subject to mandatory detention under Title 8 United States Code Sections 1225(b)(1), 1226(c), or 1231. See Petition at ¶¶ 83-89. Counts II and IV argue that the denial of Petitioner's request for bond violated the Administrative Procedures Act. See id. at ¶¶ 90-93, 98-103. Count III argues the denial of Petitioner's request for bond violated the bond regulations, Title 8 Code of Federal Regulations Sections 236.1, 1236.1, and 1003.19. See id. at ¶¶ 94-97. Petitioner asks this Court to order his immediate release or, in the alternative, to order Respondents to

2

provide him with an individualized bond hearing within fourteen days. See id. at ¶¶ 107, 111.

Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)" because they concede that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz." Return at 1; see also Maldonado Bautista, 813 F. Supp. 3d at 1104-06 (concluding that the petitioners' interpretation of Sections 1225 and 1226 is correct, and Section 1226 is "the default detention authority for all persons detained pending a removal decision, while [Section 1225] has a limited temporal scope that concerns 'inspection' and 'expedited removal of inadmissible arriving [noncitizens]'" (second alteration in Maldonado Bautista) (citations omitted)); id. at 1127 (granting certification of a Bond Eligible Class defined as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination").[1] Respondents argue that, if this Court orders a bond hearing, this Court should consider the government's "heavy caseloads and staffing levels" and should not require the bond hearing to be held earlier than fourteen days from the filing of the order. See Return at 1 n.1.

This Court finds that allowing the bond hearing to be held within fourteen days is reasonable in this case because it is consistent with the prayer for relief in the

---

[1] Maldonado Bautista does not apply in this case because, on March 6, 2026, the Ninth Circuit administratively stayed the Maldonado Bautista decision "insofar as the district court's judgment extends beyond the Central District of California." See Maldonado Bautista et al. v. U.S. Dep't of Homeland Security et al., No. 26-1044, Order, filed 3/6/26 (dkt. no. 5), at 1. However, Respondents acknowledge that "prior orders from this District direct[] bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases." [Return at 1.]

3:26-cv-03072-LEK-SBC

Petition. Therefore, as to Count I, this Court grants Petitioner's request for a bond hearing and denies Petitioner's request for immediate release. If Respondents fail to comply with this Order and the writ by failing to hold the bond hearing within the time specified, Petitioner may seek additional relief from this Court.

In light of these rulings, it is not necessary for this Court to address Counts II, III, and IV of the Petition.

Petitioner has also requested that this Court award him attorney's fees. See Petition at ¶ 112. This Court will consider an application requesting reasonable attorney's fees that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees without prejudice.

## **CONCLUSION**

For the foregoing reasons, Petitioner Deisson Osmandy Vicente Galvez's Petition for Writ of Habeas Corpus, filed May 16, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing under Title 8 United States Code Section 1226(a) within fourteen days of the filing of this Order. Respondents SHALL NOT deny Petitioner's bond on the basis that Title 8 United States Code Section 1225(b), 1226(c), or 1231 requires mandatory detention. The Petition is DENIED as to Petitioner's request for immediate release from custody. Further, the Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing by **June 17, 2026**.

IT IS SO ORDERED.

3:26-cv-03072-LEK-SBC

DATED AT HONOLULU, HAWAII, May 27, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**DEISSON OSMANDY VICENTE GALVEZ VS. CHRISTOPHER LAROSE, ET AL.; CASE NO. 3:26-CV-03072-LEK-SBC; AMENDED ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

5

3:26-cv-03072-LEK-SBC